OPINION
{¶ 1} Appellant, Timothy Shirkey, appeals a decision of the Warren County Court of Common Pleas, Juvenile Division, terminating his parental rights and granting permanent custody of his child to Warren County Children Services ("WCCSB").
 {¶ 2} Jesse Ryan Jacob Shirkey ("Jesse"), DOB May 4, 2001, was removed from the custody of his parents, appellant and Charlene Shirkey ("mother"), when Jesse was less than three months old. WCCSB filed a dependency complaint because of concerns about the parents' mental health.
 {¶ 3} Jesse was adjudicated a dependent child in September 2001, with disposition held in October. Temporary custody of Jesse remained with WCCSB and Jesse's placement remained with his paternal aunt and uncle. WCCSB filed a motion for permanent custody which was heard on February 13, 2002. The juvenile court issued its decision and entry granting the motion on February 21, 2002, and appellant filed this appeal.[1]
 {¶ 4} First, we note that natural parents have a constitutionally protected liberty interest in the care and custody of their children.Santosky v. Kramer (1982), 455 U.S. 745, 753, 102 S.Ct. 1388. A motion by the state to terminate parental rights seeks not merely to infringe that fundamental liberty interest, but to end it. Id. at 759. In order to satisfy due process, the state is required to prove by clear and convincing evidence that the statutory standards for terminating parental custody have been met. Id. at 769. "Clear and convincing evidence" requires that the proof "produced in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of syllabus.
 {¶ 5} When deciding a permanent custody case, the trial court is required to make specific statutory findings; a reviewing court must determine whether the trial court followed the statutory factors in making its decision or abused its discretion by deviating from the statutory factors. See In re William S., 75 Ohio St.3d 95,1996-Ohio-182.
 {¶ 6} A trial court may not award permanent custody of a child to a state agency unless the agency satisfies two statutory factors. First, the agency must demonstrate that an award of permanent custody is in the best interest of the child. R.C. 2151.414(B)(1). Second, the agency must show that the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the parents. R.C. 2151.414(E).
 {¶ 7} Appellant's only assignment of error asserts that the juvenile court erred when it found by clear and convincing evidence that appellant would be unable to provide an adequate permanent home for Jesse within one year of the hearing date.
 {¶ 8} We note that appellant does not contest the trial court's finding that permanent custody was in Jesse's best interest. We have reviewed the statutory requirements for the best interest analysis against the record below and find by clear and convincing evidence that permanent custody was in the Jesse's best interest.
 {¶ 9} Appellant's specific argument is that the trial court erred when it found R.C. 2151.414(E)(2) applicable to the instant case. R.C.2151.414(E) states, in part, that if a court determines by clear and convincing evidence that one or more of the following exist as to each parent, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 10} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing * * *."
 {¶ 11} Appellant asserts that the state failed to meet its burden to show that appellant could not provide an adequate permanent home for Jesse within one year after the court hearing.
 {¶ 12} The evidence presented to the trial court showed that the mother was suffering from a psychotic disorder that included auditory hallucinations that told her to harm others, including Jesse and appellant. These hallucinations continued even when the mother took her medications. The mother was also diagnosed as mildly mentally retarded. She displayed poor parenting skills and limited retention of instruction on those issues.
 {¶ 13} Evidence was presented that appellant had been diagnosed as suffering from schizoaffective disorder, which may have been related to his alcohol, cannabis, and amphetamine abuse. The polysubstance abuse was reportedly in remission. Appellant's current diagnosis was adjustment disorder with anxiety and substance abuse in remission. Appellant was also diagnosed with borderline intellectual functioning. Dr. Charles Lee, a psychologist from the Children's Diagnostic Center, indicated that appellant would likely struggle with many of the "demands of adulthood from a cognitive standpoint."
 {¶ 14} Dr. Lee reported that appellant had admitted that he also experienced auditory hallucinations, but did so now only occasionally. Appellant told Dr. Lee that he had attempted suicide in the past and had previous "psychotic thoughts", described as "feeling like harming or killing people" who might harm his family.
 {¶ 15} Appellant testified at the permanent custody hearing that he did not now have thoughts of harming others. Appellant testified that he was taking only one medication for anxiety. It was reported that appellant had stopped taking medication on his own in the past, but was currently complying with his medication regime.
 {¶ 16} Evidence was also presented that appellant and the mother receive Social Security benefits for their mental illnesses as their sole source of income. Both parents have mental health case managers.
 {¶ 17} The parents have fulfilled or were currently fulfilling the requirements of the adopted case plan, which included parenting classes, a psychological evaluation, a parent/child evaluation, and Homeworks, a home-based assistance program.
 {¶ 18} The Homeworks therapist, Diane Brian, testified at the permanent custody hearing that the parents have difficulty handling finances, household matters, and medication needs. Brian indicated that the parents needed constant repetition before they could begin to retain concepts she attempted to teach them. Brian indicated that she had observed little improvement during her 20 visits with the parents.
 {¶ 19} Dr. Lee conducted an observation of both parents interacting with Jesse and noted that appellant was more adept with Jesse than the mother. However, appellant previously told Dr. Lee that Jesse's crying bothered his nerves when he did not know why the child was crying. Appellant also admitted that he could become stressed over needing to handle most of the parenting duties because the mother sleeps frequently.
 {¶ 20} Dr. Lee concluded his evaluation by stating that the prognosis for a reunification between Jesse and his parents was poor. Dr. Lee opined that there was a high risk to Jesse in his parents' home, even with long-term supportive and home-based services. Dr. Lee had concerns about the ability of the parents to provide an adequate permanent home for Jesse, even assuming that their mental health issues could be and had been successfully controlled.[2]
 {¶ 21} The record indicates that the Shirkeys had not shown marked improvement despite intervention from mental health professionals and home-based services arranged by WCCSB. Competent and credible evidence existed for the trial court to find, by clear and convincing evidence, that appellant could not provide an adequate permanent home for Jesse within one year after the permanent custody hearing.
 {¶ 22} The juvenile court did not err in its decision to terminate the parental rights of appellant and to place Jesse in the permanent custody of WCCSB. The assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.
[1] Charlene Shirkey did not appeal the decision of the juvenile court.
[2] The guardian ad litem for Jesse recommended that permanent custody of Jesse be awarded to WCCSB.